# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

PAUL FARNSWORTH,

        Plaintiff/Appellant,

VS.

BILLY COMPTON, et al,

        Defendants/Appellees.

)
)
)
)
)
)
)
)
)
)

Lake Circuit No. 97-7700

Appeal No. 02A01-9809-CV-00257

FILED

June 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF LAKE COUNTY
AT TIPTONVILLE, TENNESSEE
THE HONORABLE R. LEE MOORE, JR., JUDGE

RONNIE BRADFIELD a/k/a
PAUL FARNSWORTH, pro se
Pikeville, Tennessee


PAUL G. SUMMERS
Attorney General & Reporter
MICHAEL MOORE
Solicitor General
PAMELA S. LORCH
Assistant Attorney General
Nashville, Tennessee
Attorneys for Appellees

AFFIRMED

ALAN E. HIGHERS, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

Paul Farnsworth, a *pro se* inmate, has appealed the trial court's dismissal of this 42

U.S.C. § 1983 civil rights action that was brought against numerous individually named defendants. Based upon the following, we affirm the trial court's dismissal.

**Facts and Procedural History**

On October 27, 1997, Farnsworth filed a complaint in the Lake County Circuit Court against Billy Compton, Ray Goodine, Jeff Daniels, Johnny Free, Fred Raney, Jeffery Bratton, Sonya Little, Tammy Rivera, John Mitchum, Dale Bashum, Hattie Moore, Melvin Tirey, Ron Bloebaum, Robin Kimble, Cythina Johnson, Pamela Grady, Pamela Maxwell, Lisa Williford, and Donal Campbell, naming all defendants in their individual capacities. Subsequently, on November 13, 1997, Farnsworth amended his complaint to include claims against two additional individual defendants, Raymond Rice and Nathan Bishop. Each defendant was alleged to be either a TDOC employee (most of whom were employed at the Northwest Correctional Complex in Tiptonville, Lake County, Tennessee) or an employee of Correction Corporation of America (all of whom were employed at the Hardeman County Correctional Facility in Whiteville, Hardeman County, Tennessee). The Hardeman County defendants included Rivera, Mitchum, Johnson, Grady, Maxwell, Williford, Rice, and Bishop. After six of these eight Hardeman County defendants (Rivera, Johnson, Maxwell, Williford, Rice, and Bishop) subsequently moved to dismiss Farnsworth's claims against them based upon both improper venue and failure to state a claim upon which relief can be granted, Farnsworth voluntarily nonsuited these six Hardeman County defendants. Thereafter, the remaining defendants included Compton, Goodine, Daniels, Free, Raney, Bratton, Little, Mitchum, Bashum, Moore, Tirey, Bloebaum, Kimble, Grady, and Campbell (hereafter collectively referred to as "the defendants").

Though numerous factual allegations that are set forth in Farnsworth's complaint regarding the defendants' alleged conduct are not entirely comprehensible as written, we are able to glean from Farnsworth's complaint the allegations set forth immediately below.

Little (a TDOC employee) inaccurately increased Farnsworth's security level, and

2

Goodine (a TDOC classification coordinator), Compton (a former TDOC warden and present TDOC deputy warden), and Little reclassified him to the Northwest Correctional Complex. Moreover, Goodine and Compton sent Farnsworth to the Northwest Correctional Complex even though they knew that another prisoner who was known to be "incompatible" with Farnsworth was incarcerated there. Farnsworth's incarceration at the Northwest Correctional Complex caused him to be in "constant fear of being confronted by one of his incompatibles."

Moore (a TDOC corrections officer), Bashum (a TDOC corrections officer), and Daniels (a TDOC counselor) placed an "incompatible" inmate in the same prison cell to which Farnsworth had already been assigned, and they refused to reassign this inmate to another cell. This, Farnsworth alleged, caused Farnsworth to fear for his life. Moreover, the presence of the cell-mate reduced Farnsworth's ability to move about in his wheel-chair, which caused him to experience increased bowel problems and other associated physical ailments. Also, Farnsworth alleged the cell assignment to be a retaliation for Farnsworth's assertion of other lawsuits.

Farnsworth filed "appeals" (presumably administrative grievance appeals) to Compton and Campbell (the TDOC Commissioner), but they failed to return responses.

Bratton (a TDOC counselor) attempted to coerce Farnsworth into signing a form requesting protective custody, and other papers consenting to placement in segregation, and he threatened to and did retaliate against Farnsworth for his failure to sign such forms by denying him use of the telephone, forcing him to have recreation outside in bad weather, and refusing to provide him legal assistance.

Campbell was advised of all of the above asserted matters, but failed to act to correct the same.

3

Raney (a TDOC warden) and Bloebaum (a TDOC health administrator) failed to provide him "with the proper medical care, that was prescribed previously by physician(s)," failed to take measures to allow Farnsworth to access a particular recreational area that was not readily wheelchair accessible due to steps, failed to provide properly fitting catheters -- as the catheters that had been provided to him would sometimes "slips [sic] off causing [his] urine [to] flow into his clothes and [would] restrict the flow of his blood in his penis causing swelling and knots to appear," and failed to provide him with new eyeglasses after "his eyeglasses had become useless."

Raney refused to assign an inmate who was a known gang member and who was assigned to the same cell as was Farnsworth to a different cell. At some point, Tirey and Raney transferred Farnsworth to another facility without following some TDOC reclassification process.

Grady (a health administrator at the Hardeman County Correctional Facility) failed to respond to complaints regarding actions of her subordinates and failed to correct such actions, which included a failure to comply with a doctor's order to give Farnsworth Robaxtim for muscle spasm, and a failure to provide Farnsworth with unspecified medical equipment. Grady also failed to arrange for new eyeglasses and dental care for Farnsworth.

Mitchum (a senior correction officer at the Hardeman County Correctional Facility) failed to follow a doctor's order by refusing to allow Farnsworth to come out at night to shower and by refusing to give Farnsworth an extra blanket.

The relief sought by Farnsworth in his complaint included declaratory relief, injunctive relief, compensatory damages, punitive damages, costs, and attorney fees.

In February 1998, all remaining defendants except Mitchum and Grady moved for dismissal based upon the contention that Farnsworth failed to comply with Tennessee

4

Code Annotated sections 41-21-801 *et seq.*, and upon the contention that Farnsworth failed to state any claim upon which relief could be granted. On April 6, 1998, Farnsworth filed his response to the motions to dismiss, along with interrogatories and requests for production of documents. On September 2, 1998, the trial court dismissed Farnsworth's action.[1] Thereafter, Farnsworth appealed.

On appeal, Farnsworth asserts that the defendants had defaulted, that he was denied "a fair and meaningful discovery process," that the trial judge was prejudiced toward Farnsworth, and that Farnsworth stated valid claims upon which relief could be granted.

**Analysis**

A. Default

Absent citation to any appropriate authority, Farnsworth's brief asserts, "defendants failed to response [sic] or answer in the time allowed by law." At no point, however, did Farnsworth apply to the court for a judgment by default in accordance with Tennessee Rule of Civil Procedure 55.01. See Tenn. R. Civ. P. 55.01. Moreover, issues not raised in the trial court may not be raised for the first time on appeal. Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 153 (Tenn. 1991); Lawrence v. Stanford, 655 S.W.2d 927, 929 (Tenn. 1983). Additionally, Farnsworth has not complied with Rule 6(a) of the Tennessee Rules of the Court of Appeals (as he is unable to do), which requires written argument in regard to each issue on appeal to contain "A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded." See Tenn. R. Ct. App. 6(a). Accordingly, Farnsworth's argument relating to default is devoid of any

---

1. Though it might be noted that Mitchum and Grady had not moved for dismissal along with the other defendants, as they had not been served with process, Tennessee Code Annotated section 41-21-804 provides, "A court may dismiss a claim filed by an inmate, *either before or after service of process* on the defendant, if the court finds that . . . [t]he claim is frivolous or malicious." Tenn. Code Ann. § 41-21-804(a) (1997) (emphasis added). This statute sets forth several factors for courts to consider in determining whether a claim is frivolous or malicious, including "[t]he claim has no basis in law and in fact." Id. § 41-21-804(b). In this case, the trial court determined that Farnsworth failed to state any claim upon which relief could be granted, *i.e.* that Farnsworth's claims had no basis in law and in fact. Accordingly, the trial court possessed the discretion, pursuant to section 41-21-804(a), to dismiss Farnsworth's claims against Grady and Mitchum *sua sponte*. Moreover, Farnsworth has not asserted any error resulting from the mere fact that the trial court's dismissal as to Grady and Mitchum was *sua sponte*.

5

merit.

## B. Discovery

Farnsworth also asserts, absent citation to any pertinent authority, that he was denied "a fair and meaningful discovery process." In this case, the trial court was faced with motions to dismiss for failure to state a claim upon which relief could be granted. "Nothing said in argument on such a motion can add to or take from the complaint." Cornpropst v. Sloan, 528 S.W.2d 188, 190 (Tenn. 1975). Accordingly, given the nature of the pending motions, we find no error in relation to discovery during the pendency of these motions, and any issue raised by Farnsworth with respect thereto is devoid of any merit.

In fact, we note that *if* the trial court had committed any error in regard to discovery, it would have been premised upon an order from the trial court that: (1) denied a motion by the defendants seeking an extension of time to respond to written discovery until after the trial court's disposition of the pending motions to dismiss for failure to state a claim upon which relief can be granted; and (2) ordered the defendants to respond to the written discovery within thirty days (prior to the court's disposition of the pending motions to dismiss). In cases involving lawsuits by inmates, such as this one, Tennessee Code Annotated section 41-21-804(d) requires the trial court to suspend all discovery upon the filing of a motion to dismiss asserting that a claim is frivolous or malicious. Tenn. Code Ann. § 41-21-804 (1997). Section 41-21-804(b) sets forth several factors for courts to consider in determining whether a claim is frivolous or malicious, including "[t]he claim has no basis in law and in fact." Id. § 41-21-804(b). Because the defendants' motion to dismiss was based, in part, upon the assertion that Farnsworth's claim had no basis in law and in fact (*i.e.*, that Farnsworth failed to state a claim upon which relief can be granted), the motion to dismiss amounted to one that asserted Farnsworth's claim to be frivolous or malicious. Accordingly, section 41-21-804 required the trial court in this case to suspend all discovery, *i.e.* grant the defendants' motion for an extension of time. Therefore, again, any issue raised by Farnsworth with respect to discovery has no merit.

6

## C. Prejudice Against Farnsworth

Farnsworth's brief claims that the trial judge was prejudiced toward Farnsworth. However, as to this issue, Farnsworth has failed to comply with Rule 6(a) of the Tennessee Rules of the Court of Appeals, which requires written argument in regard to each issue on appeal to contain, among other things: "A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded"; and "A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found." See Tenn. R. Ct. App. 6(a)(2), (4). "No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument thereon contains a specific reference to the page or pages of the record where such action is recorded [and] [n]o assertion of fact will be considered on appeal unless the argument upon such assertion contains a reference to the page or pages of the record where evidence of such fact is recorded." Tenn. R. Ct. App. 6(b). Farnsworth is unable to comply with Rules 6(a) and (b) because he did not move to have the trial judge recuse himself, and did not introduce any proof that would support such a motion. Issues not raised in the trial court may not be raised for the first time on appeal. Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 153 (Tenn. 1991); Lawrence v. Stanford, 655 S.W.2d 927, 929 (Tenn. 1983). Accordingly, Farnsworth's contention relating to prejudice is also devoid of any merit.

## D. Failure to State a Claim Upon Which Relief Can Be Granted

In support of Farnsworth's contention that he stated valid claims upon which relief can be granted, he sets forth the following argument, which we quote verbatim in its *entirety*:

THAT APPELLANT DID STATE A CLAIM:

> You appellant avers, that although several claims were stated as a matter of law and fact(s), Even to set that aside, the appellant stated facts to support...by way of complaint, that is consider an affidavit in opposition as well, to wit:

> That action or lack thereof... was a proximately caused by the defendant, for

7

> appellants injuries and suffering...
>
> that as a result plaintiff suffered a result of the above....
>
> that the preponderance of evidence, that the plaintiff was prejudicial denied in getting/and/or/obtaining, **needed**, admission and a meaningful as well a fair discovery process, which after discovery could prove as well further prosecute his cause of action was denied of him.... in an unfair as well unmeaningfully manner, with prejudice.....
>
> FURTHER, that if defendants, have followed their own policies, this state of law, as well the United States Constitution, plaintiff would not have suffered, as well his rights, violated.

Whatever is meant by Farnsworth by the above argument, it is plain that he has failed to cite *any* legal authority in his brief to support his contention that the defendants' alleged conduct amounted to some "deprivation of any rights, privileges, or immunities secured by the Constitution and laws,"[2] which waives our consideration of this issue. See Rampy v. ICI Acrylics, Inc., 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); Wilhite v. Brownsville Concrete Co., 798 S.W.2d 772, 775 (Tenn. Ct. App. 1990). See also Tenn. R. App 27(a)(7) ("The brief of the appellant shall contain . . . [a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor . . . with citations to the authorities . . . relied on . . . .").

### E.  Tenn. Code Ann. §§ 41-21-801 *et seq.*

Even assuming Farnsworth stated any claims upon which relief could be granted, the trial court's dismissal was based, in part, upon a failure to comply with Tennessee Code Annotated section 41-21-801 *et seq.*  In the trial court's order of dismissal, it stated the following:

> The first issue . . . is that Plaintiff violated the terms and conditions of T.C.A. § 41-21-801 et seq. in filing this lawsuit.  Although Plaintiff did file an affidavit of indigency, Plaintiff did not comply with T.C.A. § 41-21-805 regarding prior lawsuits.  This issue is especially important in this case as Plaintiff, Paul Farnsworth a/k/a Ronnie Bradfield, has filed numerous lawsuits substantially similar to the claims alleged in this case.  Plaintiff has also failed to comply with T.C.A. § 41-21-806.

---

2.  42 U.S.C. § 1983, pursuant to which Farnsworth's claims were brought, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . . .

42 U.S.C.S. § 1983 (1994).

On appeal, Farnsworth has not alleged any error on the part of the trial court in basing its dismissal, in part, upon a failure to comply with sections 41-21-805[3] and -806.[4]

## Conclusion

Based upon the foregoing, the trial court's dismissal of Farnsworth's action is hereby affirmed. Costs of this appeal are taxed to Farnsworth, for which execution may issue if necessary.

---

3. Section 41-21-805, titled "Affidavit of inability to pay; lawsuits or claims previously filed," provides:

> (a) Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit with the following information:
> (1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed; and
> (2) For each claim or action listed in subsection (a):
> (A) The operative facts for which relief was sought;
> (B) The case name, case number and court in which the suit or claim was filed;
> (C) The legal theory on which the relief sought was based;
> (D) The identification of each party named in the action; and
> (E) The final result of the action, including dismissal as frivolous or malicious under this part or otherwise.
> (b) If the affidavit filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit must state the date of the final order affirming the dismissal.
> (c) The affidavit must be accompanied by a current certified copy of the inmate's trust account statement.

Tenn. Code Ann. § 41-21-805 (1997).

4. Section 41-21-806, titled "Review by grievance committee," provides, in part:

> (a) An inmate who files a claim that is subject to review by the grievance committee established by the department shall file with the court an affidavit stating the date that the grievance was filed and the date the final decision was received by the inmate with a copy of the final decision from the grievance committee.
> (b) The court shall dismiss the claim if the inmate fails to file the claim before the thirty-first day after the date the inmate receives the final decision from the grievance committee.

Tenn. Code Ann. § 41-21-806(a) & (b) (1997).

_____

HIGHERS, J.


CONCUR:


_____

CRAWFORD, P.J., W.S.


_____

FARMER, J.